**Behrouz NAZERADL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–72666.**

United States Court of Appeals, Ninth Circuit.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**212**

Submitted Dec. 6, 2004.*
Decided Dec. 10, 2004.

Behrouz Nazeradl, Canoga Park, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jacqueline Dryden, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM **

Behrouz Nazeradl, a native and citizen of Iran, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision to affirm the Immigration Judge's ("IJ") order, which dismissed his application for asylum as untimely and denied his application for withholding of removal on the merits.

We lack jurisdiction to review the IJ's determination that Nazeradl is ineligible for asylum because he failed to apply within one year of arriving in the United States. *See* 8 U.S.C. § 1158(a)(3); *Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir. 2001). We review claims of due process violations in removal proceedings de novo. *See Padilla v. Ashcroft*, 334 F.3d 921, 923 (9th Cir.2003).

Nazeradl's due process arguments lack merit. He first contends he was denied due process when the IJ did not allow him to present evidence that could allow for

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

him to file a late asylum application. This is factually incorrect because the IJ specifically instructed him to bring any evidence supporting his late application, and he responded by presenting evidence of changed circumstances. Next, he contends that he was denied due process because the IJ used the incorrect standard for asylum and did not give him the "benefit of the doubt" for being pro se. This is also factually incorrect because the IJ did not rule on the merits of his asylum petition.

Finally, Nazeradl's contention that the BIA's summary affirmance violates due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003). We need not consider separately whether the BIA erred by streamlining petitioner's case because we uphold the IJ's denial of petitioner's application for relief. *See Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078–79 (9th Cir.2004) (explaining that the merits determination and decision to streamline ordinarily collapse into one another).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.